FILED
6/14/2023
Clerk, U.S. District Court
District of Montana
Billings Division

Mark D. Parker
Shawn P. Cosgrove
**PARKER, HEITZ & COSGROVE, PLLC**
401 N. 31st Street, Suite 805
P.O. Box 7212
Billings, Montana 59103-7212
(406) 245-9991
(406) 245-0971 facsimile
markdparker@parker-law.com
shawn@parker-law.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JEROME O. FACHNER and CAROL A. FACHNER,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No. CV-23-63-BLG-SPW-KLD<br><br>**PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** |

* * * * * * * * * * * * * * * *

COMES NOW Plaintiffs, Jerome and Carol Fachner, by and through their counsel of record, and hereby files their Complaint and Demand for Jury Trial ("Complaint"), and for their Complaint, allege as follows:

1. Plaintiffs Jerome and Carol Fachner (hereinafter "Plaintiffs") reside in Billings, Yellowstone County, Montana.

2. Defendant Safeco Insurance Company of America (hereinafter "Safeco") is a corporation organized and existing under, and by virtue of, the laws of the State of New Hampshire. Safeco's principal place of business is Seattle, Washington.

3. Safeco is an "insurer" for purposes of § 33–18–201, et seq, MCA.

4. At all times relevant to this case, Plaintiffs' home has been insured by Safeco under a homeowner's policy. The policy at issue in this case is attached hereto as Exhibit A.

5. The Court has subject matter jurisdiction to adjudicate the Complaint under 28 U.S.C. § 1332, because there exists complete diversity of citizenship between the adverse parties, and the amount in controversy exceeds $75,000. The U.S. District Court for the District of Montana, Billings Division, is a proper venue because the subject transaction and all facts giving rise to the causes of action alleged in the Complaint occurred in the County of Yellowstone, State of Montana, and because it is where Plaintiffs' property is located.

## UNDERLYING FACTS

6. In October, 2002, Plaintiffs purchased their home located at 2106 S. 48th Street West, Billings, MT 59106.

7. Since October, 2020, and continuing today, Plaintiffs have purchased their homeowner's insurance coverage from Safeco.

8. On January 27, 2021, a fire started in the subject home causing significant damage which required a fire suppression effort through water inundation of the home by local authorities resulting in a total loss of the home.

9. Plaintiffs reported the claim to Safeco on the day of the fire, January 27, 2021.

10. On January 27, 2021, at approximately 10:00 a.m., Plaintiff Carol Fachner was home alone, and called her husband, Plaintiff Jerome Fachner, that there was smoke coming out of the outside soffit vents. She called 911 and Jerome returned home immediately. The structure around the fireplace had apparently become hot and ignited.

11. Plaintiff Carol Fachner immediately contacted her insurance agent, Judd Long at the Long Insurance Agency in Billings, Montana, and reported the fire.

12. Safeco, Plaintiffs' insurer, assigned their adjuster, Mandy Winters, Senior Claims Resolution Specialist III, to the claim.

13. Safeco's Mandy Winters sent Plaintiffs a letter acknowledging the claim at 3:40 P.M. on January 27, 2021.

14. On January 27, 2021, Plaintiffs' son, Joel Fachner, contacted Newman Restoration to help with cleanup.

15. On January 29, 2021, Safeco's Brad Hagan, field specialist, authorized Newman Restoration to hire a structural engineer to determine if the house was safe for workers to enter. The engineer determined stabilization of the roof trusses was required in order for it to be safe to enter.

16. On February 10, 2021, Safeco's Mandy Winters called Plaintiffs and said a check would be mailed to them in the amount of $163,255.47, and repairs to the home should take approximately six months.

17. On March 4, 2021, Mandy Winters wrote to confirm coverage and that a field specialist would be in contact, but no one from Safeco ever showed up.

18. On July 7, 2021, Plaintiffs had an extensive phone conversation with Mandy Winters. Mandy Winters was made aware of the significant damage to the home's basement floor, the difficulty in finding contractors, the existence of smoke damage throughout the entire home, and the fact that Plaintiff Jerome Fachner suffered from asthma and allergies, so that no smoke smell would be acceptable. Mandy Winters' only response to Plaintiffs was "Jerome's health is not my concern."

19. On August 9, 2021, Safeco's Eric Most replaced Safeco's Brad Hagan as field specialist.

20. On or about December 7, 2021, because Safeco would not initiate an investigation as to the extent of loss occasioned by the fire, Plaintiffs continued to try to get a contractor to estimate the damage, and were finally able to retain contractor John Johnson with 2X2 Construction, Inc. for the inspection and bid process.

21. On February 22, 2022, Safeco's Eric Most, Field Specialist, called Plaintiffs on the phone and informed them he was waiting on Plaintiffs for their contractors bids being investigated and obtained by Plaintiffs.

22. On March 2, 2022, contractor John Johnson completed his estimate of the destruction to the home, along with all subcontractor estimates. The estimates were provided to Safeco by Plaintiffs.

23. On April 15, 2022, Plaintiffs sent a letter to Safeco's adjuster, Mandy Winters, expressing their frustration that the process was now over 15 months, and there had been no progress.

24. On May 3, 2022, Mandy Winters wrote Plaintiffs expressing that Plaintiffs' contractor, John Johnson's, bid was $200,000 too high and erroneously stated that the referenced foundation damage was new information.

25. On May 16, 2022, an engineer from Rimkus Consulting Group, Inc., as retained by Safeco, inspected the subject home. The basement floor and foundation were inspected by engineer Thomas R. Petray, PE.

26. Mr. Petray issued his report dated June 22, 2022, wherein he determined the damaged concrete floor in the basement was caused by the water utilized by the fire authorities to suppress the fire. He determined that water made its way under the concrete basement, and due to subzero temperatures, without heating available due to the fire, caused the extensive damage to the concrete floor.

27. During John Johnson's effort to estimate the damage and repair costs, he involved Mr. Jim Schilke, a structural engineer. However, when presented with Mr. Schilke's bill for providing his engineering expertise and opinions, Safeco refused to pay for Mr. Schilke's work. While Safeco continually requested of Plaintiffs to investigate and determine the loss and to provide bids due to the fire, they refused to pay any part of it. Plaintiffs were forced to pay Mr. Schilke out of their own pocket.

28. Safeco inappropriately deducted other costs from Plaintiffs' insurance policy, including a matterport video taken by Newman Restoration of the inside of

the damaged home. The video cost Plaintiffs $548. Additionally, an expense called "supervisor/lead time" was charged against the policy by Safeco in the amount of $510.

29. Safeco's Mandy Winters sent Plaintiffs a letter on September 30, 2022, denying the claim was a total loss, and again requested that Plaintiffs engage in further investigations for repair bids and quotes.

30. Thereafter, Safeco finally sent a professional to determine the scope of loss and damages occasion due to the fire. They retained a local Billings company, Alpha Omega, a disaster, restoration company, to estimate the loss. They determined that the loss was total – it exceeded all policy limits and identified a replacement cost value of $621,494.34, with a net estimate of $357,700, the maximum policy limit.

31. It took over two years, and the involvement of legal representation on behalf of Plaintiffs, to get Safeco to finally investigate the loss by contacting a local Billings business, always available, to provide the information always available to Safeco confirming the subject home was a total loss due to the fire.

32. The Plaintiffs' home is located on nearly 6 acres of landscaped property. The property requires significant maintenance, and therefore, Plaintiffs have been forced to live in a recreational vehicle on their property near the destroyed home for the past 28 months.

33. Plaintiff Jerome Fachner had a stroke on January 8, 2023. Jerome relates his stroke to the unbelievable stress he and his wife have been under for all of these many months, waiting to reach a resolution of their claim with Safeco and be able to build a home.

34. Due to Safeco's wrongful behavior, Plaintiffs have missed out on usual family occasions and celebrations at their home:

    i.    They have not been able to host birthdays, Christmas, Thanksgiving, Easter, or host social gatherings with family/friends, or dinners with family/friends;

    ii.    They have been nuisanced by using only small appliances, including the RV stove and oven, the small RV washer and dryer, having no room for clothes, shoes, winter clothing, and being unable to bake and cook in the winter due to the windows of the RV frosting over; and

    iii.    They have been inconvenienced due to being forced to live out of boxes located in the storage buildings, and being unable to locate many items as much of their possessions are in storage.

## COUNT I
## BREACH OF CONTRACT

35. Plaintiffs replead Paragraphs 1-34 as if set out herein in full.

36. Safeco has breached the insurance contract by failing to pay Plaintiffs' full compensation for their losses, plus attorneys fees and costs, as well as interest accruing since the date of submission of the claim.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

37. Plaintiff replead Paragraphs 1-36 as if set out herein in full.

38. The insurance contract attached hereto as Exhibit A contains the implied covenant of good faith and fair dealing present in all contracts in Montana. The implied covenant requires all parties to a contract to deal with each other in good faith, and not attempt to deprive the other party of the benefits of the contract through dishonesty or abuse of discretion in performance.

39. Safeco enjoys the "special relationship" with Plaintiffs that allows Plaintiffs to seek tort damages for breach of the implied covenant of good faith and fair dealing.

40. Safeco breached the implied covenant of good faith and fair dealing found in the insurance contract, proximately causing damages to Plaintiffs in an amount to be established at trial.

41. Safeco's conduct has been arbitrary, capricious, and unreasonable, thus utterly failing to meet Plaintiffs' justifiable expectations.

42. Because Safeco acted with fraud and/or malice, Plaintiffs are entitled to punitive damages pursuant to § 27-1-221, M.C.A.

breach of the duty of common law good faith has caused damages to Plaintiffs.

## COUNT III

## VIOLATION OF MONTANA'S UNFAIR TRADE PRACTICES ACT

43. Plaintiffs replead Paragraphs 1-42 as if set out herein in full.

44. Safeco violated § 33-18-201, M.C.A. by:
   i. Refusing to pay the claim, without conducting a reasonable investigation, based upon all available information;
   ii. Neglecting to attempt in good faith to effectuate prompt, fair and equitable settlement of a claim, in which liability was reasonably clear;
   iii. Compelling their insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds.

45. Safeco's actions constitute unfair claims settlement practices in violation of § 33-18-201, M.C.A.

46. Safeco's actions have deprived Plaintiffs of their contractual rights under the insurance policy.

47. Safeco's actions have caused Plaintiffs emotional distress, physical bodily harm, and other damages, special and general, for which Plaintiffs are entitled to relief under § 33-18-242, M.C.A.

48. Safeco's actions constitute actual fraud and/or malice, as defined in § 27-1-221, M.C.A., entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs seek the following relief:

1. Damages arising from breach of the insurance contract, including payment of all costs required to repair the home to its former state, and all related costs arising from the claim, together with interest at 10% since the date of the submission of the claim;

2. For damages arising from Safeco's unfair claims settlement practices, breach of the covenant of good faith and fair dealing, and common law bad faith, including damages for emotional and physical bodily injuries, and other special and general damages to be proven at trial;

3. For all attorneys fees and costs incurred in this action; and

4. For such other relief as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiffs request a jury trial in this case.

Dated this 2 day of June, 2023.

PARKER, HEITZ & COSGROVE, PLLC
401 N. 31st Street, Suite 805
P.O. Box 7212
Billings, Montana 59103-7212

/s/ Mark D. Parker
Mark D. Parker
Shawn P. Cosgrove
Attorneys for Plaintiffs