IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JEROME O. FACHNER and CAROL A. FACHNER, | CV 23-63-BLG-SPW-KLD |
| Plaintiffs, | |
| vs. | ORDER |
| SAFECO INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Defendant American Economy Insurance Company has filed an Unopposed Motion for Agreed Order of Protection (Doc. 19). The Parties agree that during the course of discovery certain confidential and/or proprietary information and trade secrets relating to the subject matter of this litigation will be disclosed. They agree certain information, documents, or electronically stored information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.

The Parties assert in support of their request that protection of the identified confidential information is necessary to protect both the Parties and other persons from potential annoyance and embarrassment, as well as to safeguard confidential

business and proprietary information.   Discovery in this case may potentially seek, subject to discovery and relevance standards, private, confidential, propriety or otherwise protected information from the Parties. Accordingly, and good cause appearing under Federal Rule of Civil Procedure 26(c),

IT IS HEREBY ORDERED:

l.      That the various confidential documents produced by the parties through discovery will be subject to this Order. Further, in the event additional confidential documents are produced by the parties through future discovery, the terms and conditions of this Agreed Protective Order shall apply to those documents appropriately marked. When producing a document subject to the Agreed Protective Order, the producing party shall mark each page of each document "CONFIDENTIAL" in red ink.  Any party who makes copies of the "CONFIDENTIAL" documents for any permitted use hereunder shall maintain and not redact the "CONFIDENTIAL" mark from the document or a page thereof.

2.      A Party's Confidential Documents may be disclosed only to the following persons:

a.      The Parties and their counsel of record, record counsel's partners, associates, clerks, legal assistants, secretarial personnel, co-counsels, and/or those regularly employed by counsel of record;

2

b.    Persons who are, or who are the employees of, independent experts, consultants, document managers, and litigation support contractors retained by counsel or parties to this action;

c.    Officers of corporate parties named in this action, and individuals named in this action;

d.    The court, court personnel, including stenographic reporters; and

e.    Any actual or prospective witnesses in this litigation, except that such a person may only be shown a matter designated as confidential during, or in preparation of his or her testimony, and only to the extent necessary for such preparation or testimony.

3.    Persons who are provided documents produced subject to this Agreed Protective Order, pursuant to Paragraph 2 of this Order, may use or disclose such documents only in connection with, or preparation for, settlement negotiations, trial, and other proceedings in the above-referenced matter only and not for any other purpose, and may not at any time show, display, reveal, disseminate, or discuss such documents or the contents thereof to or with any person(s) other than those listed in Paragraph 2, without consent of the other parties or leave of Court.

4.    Nothing in this Order shall limit the rights of the parties to object to any evidence at trial or other evidentiary proceeding in this case on grounds other than those related to this Order. If documents produced subject to this Agreed

Protective Order are attached as exhibits to motions, those exhibits will be attached to the motion for the Court's review in a scaled manila envelope with a notice on the envelope identifying the document and stating it is subject to this Agreed Protective Order.

5.     If any Party objects to any document classified or identified as "CONFIDENTIAL" per this Agreed Protective Order Regarding Confidentiality, that party shall notify all counsel of the objection. Counsel producing such documents may then move the Court for a Protective Order for the specific objected to document(s) within 21 days of the objection.   During the period of time a Party is seeking a Protective Order for the specific objected to document(s) and until such time as the Court rules on any protective order motion, said document(s) shall remain subject to the terms and conditions of this Agreed Protective Order Regarding Confidentiality.   The burden of providing confidentiality shall be on the moving party.

6.     Materials subject to this Order may not be used in any other claim or case, and may not be disseminated after final resolution of this action. The parties agree to maintain the confidentiality of all materials subject to this Order upon termination of this action by settlement and/or final judgment unless subject to court order superseding this Order.

7.     The restrictions of this Order shall be removed for all documents

4

admitted into evidence during the trial or this case.

Plaintiffs and Defendant, by their undersigned counsel, agree, stipulate and consent to the entry of this Protective Order.

DATED this 18th day of July, 2024.

| | |
|---|---|
| Brooke B. Murphy | Mark D. Parker |
| MURPHYMYERS PLLC | Shawn P. Cosgrove |
| 27 N. 27TH Street Suite 21A | Geoffrey T. Cunningham |
| PO Box 1619 | PARKER, HEITZ & |
| Billings, MT   59103-1619 | COSGROVE, PLLC |
| | 401 N. 31st. St., Suite 1600 |
| | PO Box 7212 |
| | Billings, MT 59103 |
| | |
| By: */s/ Brooke B. Murphy* | By: */s/ Geoffrey T. Cunningham* |
| BROOKE B. MURPHY | GEOFFREY T. CUNNINGHAM |
| *Attorneys for Safeco Insurance* | *Attorneys for Plaintiffs* |
| *Company of Illinois* | |

//

//

//

//

5

The Agreed Order of Protection regarding confidentiality is hereby APPROVED and ENTERED by this Court.   Each party to this Order is directed to comply with the requirements of this Order.

DATED this 19th day of July, 2024.

Kathleen L. DeSoto
United States Magistrate Judge