IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JEROME O. FACHNER and CAROL A. FACHNER,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN ECONOMY INSURANCE COMPANY,<br><br>Defendant. | CV 23-63-BLG-KLD<br><br>ORDER |

This matter comes before the Court on Defendant American Economy Insurance Company's ("American Economy") motion to compel non-parties Joel Fachner and Luxury Living Rentals, LLC to comply with two Rule 45 subpoenas duces tecum. (Doc. 24). For the reasons discussed below, American Economy's motion is granted.

**I.  Background**

In June 2023, Plaintiffs Jerome and Carol Fachner ("Plaintiffs") commenced this action against their homeowners insurer, American Economy, alleging breach of contract and violations of Montana's Unfair Trade Practices arising out of American Economy's handling of a claim for coverage after their home was damaged in a fire. (Doc. 1). Joel Fachner ("Fachner") is Plaintiffs' son, and is

1

believed to be the sole owner owner of Luxury Living Rentals, LLC, from which Plaintiffs rented a recreational vehicle to live in after the fire. (Doc. 25 at 12). Fachner was involved in the handling of Plaintiff's insurance claim, and American Economy considers him a primary witness in this matter. (Doc. 25-1 at ¶ 5).

On August 7, 2024, American Economy served Plaintiffs with a Notice of Subpoenas pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, providing notice that American Economy intended to serve subpoenas on various individuals and entities, including Fachner and Luxury Living Rentals, LLC. (Doc. 25-1 at 2 ¶ 7). On August 17, 2024, American Economy served Subpoenas to Produce Documents ("Subpoenas") on Fachner, individually, and Luxury Living Rentals, LLC. (Doc. 25-1 at 2 ¶ 9). American Economy requested a response to the Subpoenas on or before August 27, 2024. (Doc. 25-1 at 3 ¶ 10). On August 26, 2024, Plaintiffs' counsel contacted counsel for American Economy and requested an extension of time for Fachner and Luxury Living Rentals, LLC to respond. (Doc. 25-1 at 3 ¶ 11). Counsel for American Economy agreed to an extension of time, but informed Plaintiffs' counsel that a response was required before the mediation scheduled for September 5, 2024. (Doc. 25-1 at 3 ¶ 12). Plaintiffs' counsel confirmed by email on August 26, 2024, that Fachner agreed to respond prior to the mediation. (Doc. 25-1 at 3 ¶13).

On September 3, 2024, however, Fachner's personal counsel emailed counsel for American Economy stating: "Joel asked me to respond to this for him. I can't fathom how American Economy is entitled to the information. We're not going to respond to the subpoena. If forced, we'll just sue American Economy." (Doc. 25-1 at 4 ¶ 14; Doc. 25-1 at 29). American Economy's counsel promptly responded with a request for clarification as to the basis for Fachner's objection, to which counsel for Fachner replied: "No. our position stands. It's a fishing expedition against a non party and we'll make claims if this is pursued." (Doc. 25-1 at 4 ¶ 16). American Economy's counsel sent a follow up email again requesting clarification, but received no response. (Doc. 25-1 at 4 ¶¶ 17-18).

American Economy filed the pending motion to compel on September 13, 2024, at which time Fachner and Luxury Living Rentals, LLC still had not produced the documents and other evidence requested in the Subpoenas. (Doc. 25-1 at 5 ¶ 19). American Economy has included a Certificate of Service establishing that Plaintiffs' counsel and counsel for Fachner and Luxury Living Rentals, LLC were served with a copy of the motion to compel and supporting brief on September 13, 2024. (Doc. 25 at 15). Pursuant to Local Rule 7.1(d)(1)(B)(ii), responses were due 14 days later—on September 27, 2024. The Local Rules further provide that "failure to file a response brief may be deemed an admission that the motion is well-taken." L.R. 7.1(d)(1)(B)(ii). As of the date of this order,

there has been no response to American Economy's motion, which is ripe for ruling.

## II.  Legal Standard

Federal Rule of Civil Procedure 45 permits a party in a lawsuit to serve on any person, including a non-party, a subpoena requiring, among other things, the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 provides that "[a] person commanded to produce documents" pursuant to a subpoena may serve a written objection on the party or attorney designated in the subpoena, and requires that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Failure to serve written objections to a subpoena within the time specified by Rule 45 "constitutes a waiver of all grounds for objection." *Patterson v. Chiappa Firearms,* USA, 2021 WL 5447440, at *4 (D. Mont. Nov. 22, 2021) (quoting *La Fosse v. Winco Foods, LLC*, 2021 WL 4557207, at *2 (D. Idaho Oct. 4, 2021)).

Although "[a] non-party's objections to document requests in a Rule 45 subpoena are not technically subject to Rule 34(b)(2)(B)'s requirements for discovery requests served on a party," district courts in the Ninth Circuit have held that a non-party's objections under Rule 45(d)(2)(B) are subject to same

4

prohibition against boilerplate objections and requirement that objections be made with specificity. *A&F Bahamas, LLC v. World Venture Group, Inc.*, 2018 WL 5961297, at *4 (C.D. Cal. Oct. 19, 2018). *See also*, *Amazing Ins., Inc. v. DiManno*, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (applying "the general prohibition against boilerplate objections to nonparty subpoenas issued under Rule 45" and concluding that boilerplate objections are "tantamount to no objections at all"); *Schmitz v. Asman*, 2024 WL 1521456, at *1 (E.D. Cal. Apr. 8, 2024) ("An objection to a Rule 45 subpoena must demonstrate with adequate specificity that compliance presents an undue burden or would require the disclosure of privileged or protected information.")

  Rule 45 incorporates the discovery standards set forth in Rule 26, which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). *See* Advisory Committee Note to Rule 45 (1970). "[A] motion to compel pursuant to Rule 37 is the proper vehicle to compel a non-party to provide discovery and produce documents in response to a Rule 45 subpoena." *Jamison v. State Farm Gen. Ins. Co.*, 2020 WL 6151082, at *2 (C.D. Cal. Sept. 3, 2020). A motion for an order compelling discovery from a non-party must be made in the court where the discovery is to be taken. Fed. R. Civ. P. 37(a)(2). *See La Fosse*, 20201 WL 4557207, at *1 (recognizing that "the authority to decide a motion to

compel arising out of [a Rule 45 subpoena] is vested with the court where compliance is required"). Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* D. Mont. L.R. 26.3(c) (similarly requiring that the parties meet and confer before a motion to compel is filed).

### III.   Discussion

The record reflects that American Economy served its Rule 45 Subpoenas on Fachner and Luxury Living Rentals, LCC on August 17, 2024. American Economy initially requested a response by August 27, 2024, but later agreed to an extension provided that it received a response before the mediation on September 5, 2024. Fachner did not respond by the original or extended deadline, and neither did Luxury Living Rentals, LLC.

Fachner and Luxury Living Rentals, LLC also did not serve any written objections to the Subpoenas by the original or extended deadline for compliance, or within 14 days of service as required by Rule 45. Although Fachner's attorney emailed counsel for American Economy on September 3, 2024, stating that Fachner would not respond to the Subpoenas and characterizing the Subpoenas as a "fishing expedition," these emails do not comply with Rule 45 for two reasons.

First, Rule 45(d)(2)(B) requires that objections be "served" on the party or attorney designated in the subpoena, which means that objections must comply with Rule 5 of the Federal Rules of Civil Procedure governing service. *See* Fed. R. Civ. P. 5(a)(1)(C) (Rule 5 applies to "a discovery paper required to be served on a party"). Rule 5 permits service by "other electronic means," such as email, with the written consent of the party to be served. Fed. R. Civ. P. 5(b)(2)(E). Because there is nothing in the record to suggest that American Economy agreed in writing to service by email, the September 3, 2024, emails from Fachner's counsel did not comply with Rule 45's service requirement.

Second, even if service by email was appropriate, the emails do not identify any factual or legal basis for objecting to the Subpoenas. Although Fachner's counsel refers to the Subpoenas as a "fishing expedition," he does not assert that compliance would present an undue burden, and does not argue that compliance would require the disclosure of privileged or protected information. Because Fachner's counsel does not articulate any factual or legal basis for objecting to the Subpoenas, his emails are tantamount to no objections at all. Fachner and Luxury Living Rentals, LLC have thus waived their right to object to producing the documents requested in the Subpoenas.

American Economy has demonstrated that the documents requested are relevant to the claims and defenses in the case for the reasons stated in its opening

brief (Doc. 25 at 11-14), and has submitted evidence establishing that it satisfied the meet and confer requirements of Rule 37. Fachner and Luxury Living Rentals, LLC have not responded to American Economy's motion, which is well-taken for the reasons outlined above.

## IV. Conclusion

Accordingly,

IT IS ORDERED that American Economy's motion to compel Fachner and Luxury Living Rentals, LLC to comply with the Rule 45 Subpoenas (Doc. 24) is GRANTED. Fachner and Luxury Living Rentals, LLC shall comply with the Rule 45 Subpoenas within 14 days of receipt of this Order. Fachner and Luxury Living Rentals, LLC are cautioned that failure to comply with the Rule 45 Subpoenas may result in sanctions, including contempt sanctions under Rule 45(g).

IT IS FURTHER ORDERED that the Clerk of Court send a copy of this Order by U.S. Mail to the attorney for Fachner and Luxury Living Rentals, LLC at the address identified in the Certificate of Service for American Economy's motion (Doc. 25 at 15), and to Fachner and Luxury Living Rentals, LLC at the address provided on the Subpoenas (Doc. 25-1 at 10, 18).

DATED this 9th day of October, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge