IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JEROME O. FACHNER and CAROL A. FACHNER,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>AMERICAN ECONOMY INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CV 23-63-BLG-KLD<br><br>ORDER |

　　　This matter comes before the Court on non-party Joel Fachner's ("Fachner") motion to quash a Rule 45 subpoena deuces tecum served on him by Defendant American Economy Insurance Company. (Doc. 42). For the reasons discussed below, Fachner's motion is denied.

**I.　Background**

　　　In June 2023, Plaintiffs Jerome and Carol Fachner ("Plaintiffs") commenced this action against their homeowners insurer, American Economy, alleging breach of contract and violations of Montana's Unfair Trade Practices arising out of American Economy's handling of a claim for coverage after their home was damaged in a fire. (Doc. 1). Fachner is Plaintiffs' son and is believed to be the sole owner of Luxury Living Rentals, LLC, from which Plaintiffs rented a recreational

1

vehicle to live in after the fire. (Doc. 25 at 12). Fachner was involved in the handling of Plaintiff's insurance claim, and American Economy considers him a primary witness in this matter. (Doc. 25-1 at 2 ¶ 5).

On August 17, 2024, American Economy served Subpoenas to Produce Documents on Fachner, individually, and Luxury Living Rentals pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Doc. 25-1 at 2 ¶ 9). American Economy initially requested a response by August 27, 2024, but later agreed to an extension so long as a response was provided before a scheduled mediation on September 5, 2024. Fachner did not respond by the original or extended deadline, and neither did Luxury Living Rentals, LLC. (Doc. 25-1 at 3 ¶¶ 10-18).

On September 13, 2024, American Economy filed a motion to compel Fachner and Luxury Living Rentals to comply with its Rule 45 subpoenas. (Doc. 24). The Court granted American Economy's motion on October 9, 2024. (Doc. 27). The Court found American Economy had demonstrated that the materials requested were relevant to the claims and defenses in the case, and directed Fachner and Luxury Living Rentals to comply with the subpoenas within 14 days of the Court's order. (Doc. 27). It is undisputed that Fachner complied with the Court's order and fully responded to the subpoena. (Doc. 43 at 2; Doc. 44 at 3).

American Economy served Fachner, individually, with a second subpoena for the production of documents on April 1, 2025 (Doc. 44-1), and Fachner timely

filed the pending motion to quash on April 10, 2025. (Doc. 42). American Economy filed a response brief on April 24, 2025 (Doc. 44), and Fachner did not file a reply.

## II.   Legal Standard

Federal Rule of Civil Procedure 45 permits a party in a lawsuit to serve on any person, including a non-party, a subpoena requiring, among other things, the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Motions to quash non-party subpoenas are governed by Rule 45(d)(3), which provides that a court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P 45(d)(3)(A)(i)-(iv). Under Rule 45(d)(3)(B), a court may quash or modify a subpoena if it requires disclosing a trade secret or other confidential information, or disclosing an unretained expert's opinion. Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii).

"Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." *Adams v. Gissell*, 2022 WL 355758 at *1 (D. Mont. Feb. 7, 2022) (quoting *Moon v. SCP Pool Corp.*, 232

3

F.R.D. 633, 637 (C.D. Cal. 2005). "The scope of discovery under a subpoena is identical to the standards in Rule 26(b), and thus, 'the court must examine whether a request contained in a subpoena is overly broad and seeks irrelevant information." *Adams*, 2022 WL 355758, at *1 (quoting *Goodyear Tire & Rubber Co. v. Kirk's Tire Auto Servicenter*, 211 F.R.D. 658, 662 (D. Kan. 2003)).

### III.  Discussion

Fachner's motion identifies five reasons for quashing the second subpoena issued by American Economy: (1) he is not a party to the litigation; (2) he has already been subjected to a voluminous and burdensome subpoena, with which he complied; (3) he has already been subjected to a lengthy deposition; (4) the current subpoena is the second subpoena served on him by American Economy; (5) there is no reason why American Economy could not have requested the information in its first subpoena and during his deposition. (Doc. 42).

Fachner's supporting brief provides little elaboration. He explains that American Economy deposed him on November 11, 2024, and has attached his deposition transcript as an exhibit. (Doc. 43, at 2; Doc. 43-3). Fachner notes that American Economy's first subpoena asked for, among other things, "any and all text messages, emails, communications, documents, and other writings generated after January 1, 2020, reflecting, memorializing or relating to communications between you and Jerome Fachner or you and Carol Fachner regarding their home"

4

in Billings, Montana. (Doc. 43, at 2; Doc. 25-1 at 11). Fachner contends the second subpoena similarly seeks any and all communications with Jerome and Carol Fachner, and that he has already produced this information in response to American Economy's first subpoena. (Doc. 43 at 2).

But as American Economy accurately asserts in response, the second subpoena permissibly seeks supplementation of the construction-related materials provided by Fachner in response to the August 17, 2024, subpoena. (*compare* Doc. 25-1 at 10-12 *with* Doc. 44-1). The second subpoena commands Fachner to produce the same categories of documents of documents sought in the first subpoena, but seeks those documents generated after September 1, 2024, or "that were not previously produced." (Doc. 44-1). Although the second subpoena provides some additional specificity, such as identifying some contractors by name, the categories of materials sought in both subpoenas are generally the same. (Doc. 44-1 at 2). The only new category of information sought is "photographs, videos or other depictions" of the new residence, which American Economy explains is due to the fact that the residence had not been completed at the time the first subpoena was served. (Doc. 44 at 2). The Court has previously determined that the information requested is relevant to the claims and defenses in the case (Doc. 27), and Fachner does not argue otherwise.

Fachner also objects to the subpoena as burdensome. He states in a supporting affidavit that he is currently working full-time in Idaho, and although he returns home to Billings on occasion, it would be a significant burden on him to have to respond to the second subpoena on the same subject matters while working from Idaho. (Doc. 43 at 2, citing Doc. 43-2 at ¶ 5). To alleviate this burden, American Economy explains that it does not object to providing Fachner with an additional 30 days to respond to the subpoena. American Economy also does not object to providing Fachner with reasonable compensation "for the time he spends gathering the documents and other tangible evidence requested." (Doc. 44 at 4). Accordingly, and to avoid imposing an undue burden on Fachner, the Court will give him with additional time to respond to the subpoena and will require American Economy to provide him with reasonable compensation for the time spent responding to the subpoena.

## IV. Conclusion

Accordingly,

IT IS ORDERED that Fachner's Motion to Quash Subpoena (Doc. 42) is DENIED. Fachner shall comply with the Rule 45 Subpoena within 30 days of receipt of this Order. Fachner is cautioned that failure to comply with the Rule 45 Subpoena may result in sanctions, including contempt sanctions under Rule 45(g).

Fachner may, for good cause, file a motion for an additional extension of time to comply.

IT IS FURTHER ORDERED that American Economy shall provide reasonable compensation to Fachner for the time spent gathering the documents and other tangible evidence requested in the subpoena.

DATED this 16th day of May, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge